**CORDIS CORPORATION, Plaintiff,**

v.

**MEDTRONIC, INC., Defendant.**

**No. 84–2479–CIV.**

United States District Court,
S.D. Florida.

Jan. 10, 1985.

Lowell L. Garrett, and Richard A. Pettigrew, Mogan, Lewis & Bockius, Miami, Fla., for plaintiff.

Hal Vogel, Hall & O'Brien, Miami, Fla., for defendant.

#### Order GRANTING Cordis' Motion For Establishment Of Escrow Fund And For Preliminary Injunction

ATKINS, District Judge.

This cause is before the court on plaintiff, Cordis Corporation's Motion For Establishment Of Escrow Fund And For Preliminary Injunction. Based upon careful consideration of the record and oral arguments in this case, it is hereby

ORDERED AND ADJUDGED that the Motion is GRANTED.

Until final judgment is rendered in this action, Cordis will be permitted to deposit any royalty payments due and owing to Medtronic, Inc. into an interest-bearing escrow account, provided that upon final judgment, all funds accumulated in the escrow account are to be paid over to the prevailing party, and Medtronic, Inc. is enjoined from terminating the License Agreement during the pendency of this action.

The court notes that the circuits are split on the issue of whether to establish escrow accounts for the collection of royalty payments during the pendency of patent infringement suits. I have decided, however, that *Precision Shooting Equipment Co. v. Allen,* 646 F.2d 313 (7th Cir.1981) and *Atlas Chemical Industries, Inc. v. Moraine Products,* 509 F.2d 1 (6th Cir.1974) are more faithful to the spirit of *Lear, Inc. v. Adkins,* 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), where the Supreme Court held that licensee estoppel is no longer valid law.

Under well-established case law, the party requesting a preliminary injunction bears the burden of establishing to the District Court that: 1) It has a substantial likelihood of eventual success on the merits; 2) Irreparable injury will be suffered unless the injunction issues; 3) The threatened injury to the movant outweighs the damage which the injunction may cause the opponent; and 4) The injunction would not be adverse to the public interest. *Productos Carnic, S.A. v. Central American Beef and Seafood Trading Co.,* 621 F.2d 683, 685 (5th Cir.1980); *Dallas Cowboy Cheerleaders, Inc. v. Scoreboard Posters, Inc.,* 600 F.2d 1184, 1187 (5th Cir.1979); *Texas v. Seatrain International, S.A.,* 518 F.2d 175, 179 (5th Cir.1975). The Affidavit of Harry W. Fletcher sets forth the fact that PACESETTER publicly disclosed and/or developed certain devices covered by the claims of U.S. Patent No. 3,902,501 prior to the alleged invention defined by the claims of such patent. If this allegation is proven true, then the patents-in-suit would arguably be invalid under the provisions of 35 U.S.C. § 102(a) and (b). Second, if Cordis fails to make its royalty payments to Medtronic, it will be vulnerable to a patent infringement action, with the prospect of paying treble damages and of being enjoined from manufacture and sale of the licensed products. If Cordis continues to make royalty payments while seeking to invalidate the patents in suit in this action, the royalty payments made to Medtronic cannot be recovered under *Troxel Manufacturing Co. v. Schwinn Bicycle,* 465 F.2d 1253 (6th Cir.1972). Once the royalty payments are made, there is no legal remedy available for repayment. If there is no legal redress, Cordis would be irreparably damaged. This damage far outweighs any damage Medtronic would suffer by the issuance of an injunction preventing the termination of the license agreement and the establishment of an escrow account for

payment of royalties. Finally, the public has a clearly established interest in having invalid patents challenged in Federal courts. Should Cordis be successful, the claimed subject matter of the patents at suit would enter the public domain and Medtronic would no longer be entitled to maintain a legal monopoly in the claimed subject matter. The public interest would clearly be served by providing Cordis with reasonable protection so that it may challenge two patents which it believes invalid.